**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| CHARLES T. GROOMSTER #99077397, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-00324 |
| ) | JUDGE CAMPBELL |
| FRANK DERIGGI, et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Plaintiff, Charles Groomster, an inmate incarcerated in the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 alleging a violation of his federal rights. The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under

those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

Plaintiff alleges that on June 7, 2012, Defendant Officers Deriggi, Ezell and Mang stopped a vehicle in which he was a passenger and transported him to the police station. Plaintiff alleges that at the police station the Defendant officers pulled down his pants and subjected him to a body cavity search without a warrant. Plaintiff claims that the Defendants violated his civil rights and did not act professionally during the alleged incident. He seeks $1 million in damages from each Defendant.

## III. Discussion

Plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

It is plain from the face of the complaint that Plaintiff's action is time-barred. Because § 1983 does not provide its own limitations period, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Wolfe v. Perry*, 412 F.3d 707, 713–714 (6th Cir. 2005); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The statute of limitations in Tennessee for personal injury or for damages actions brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28–3–104(a)(1) and (3); *Roberson*,

399 F.3d at 794; *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, the time within which Plaintiff could have filed a timely complaint arising from the June 7, 2012 search expired in June 2013 – more than twenty-one months ago.

Although Plaintiff is in jail, it is not clear from his complaint whether the search about which he complains led to the discovery of any evidence or is otherwise connected to any criminal proceedings that were brought against him. The Court has considered whether Plaintiff benefits from any delayed accrual or tolling of the limitations period on the basis that his civil cause of action may have been connected to any criminal prosecution commenced after his search. It is clear from applicable law that neither principle applies to Plaintiff's case.

The United States Supreme Court has held that the limitations period for a § 1983 plaintiff's claim for unlawful arrest in violation of the Fourth Amendment began to run when the cause of action accrued, which was when he appeared before a magistrate and was bound over for trial. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). The court expressly rejected the argument that *Heck v. Humphrey*, 512 U.S. 477 (1994) dictates that the action did not accrue until the criminal charges were resolved in the plaintiff's favor. *Wallace*, 549 U.S. at 392–394. It ruled that *Heck*'s bar to civil suits that necessarily imply the invalidity of a conviction only applies when there is an "extant conviction" and not merely an "anticipated future conviction." *Id.* at 393. Further, the court held that the § 1983 limitations period that runs throughout the pendency of the related criminal proceedings is not even tolled upon a conviction that gives rise to a *Heck* bar. *Id.* at 394–95. According to *Wallace*, a § 1983 plaintiff bringing suit for alleged violation of the Fourth Amendment must file within the applicable limitations period even if criminal charges are then pending, allowing the district court to stay the civil action until the criminal case is

resolved and either proceed or dismiss under *Heck* at that point. *Id.* at 393–94. Only a plaintiff who follows this procedure would be entitled to some additional time to refile if a suit dismissed under *Heck* is later capable of being revived upon reversal of the conviction. *See Wallace*, 549 U.S. at 395 n. 4 (2007) (explaining that because the plaintiff had not filed timely and been dismissed under *Heck*, the court need not determine how much time to refile would have been proper after removal of the *Heck* bar).

The Sixth Circuit has held that the rule of *Wallace* applies to claims of unconstitutional searches under the Fourth Amendment, so that the limitations period for a § 1983 claim begins to run on the date of the search. *Hornback v. Lexington-Fayette Urban Cnty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013). The court in *Hornback* found that the plaintiff's cause of action accrued on the date of the search, when he knew or should have known that the search was unlawful, and that he could have filed suit at that time. *Id.* at 501–02. It affirmed the dismissal of his claim filed approximately 20 months later as untimely, even though it was filed within a year of the date on which the state court granted the plaintiff's motion to suppress and dismissed the criminal charges against him. *Id.* at 501–02.

The clear import of these cases is that Plaintiff's case is not timely regardless of whether the search in question played any role in criminal proceedings against him, or whether those proceedings have since been resolved for or against Plaintiff. Because it was filed well beyond the applicable limitations period, Plaintiff's complaint is frivolous for the purpose of the PLRA. *Dellis*, 257 F.3d at 511 (6th Cir. 2001) (cases filed beyond the statute of limitations are properly dismissed as frivolous).

## IV. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** as frivolous.  An appropriate order is filed herewith.

**ENTERED** this the ____ day of _____, 2015.

_____
TODD CAMPBELL
United States District Judge